

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20393-CR-ALTONAGA/SIMONTON

18 U.S.C. § 241
18 U.S.C. § 1519
18 U.S.C. § 1512(b)(3)

UNITED STATES OF AMERICA

v.

ALEXANDER McQUEEN,
GURUBA GRIFFIN,
SCOTT BUTLER, and
STEVEN DAWKINS,

Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. The South Florida Reception Center (hereinafter "SFRC") was a state prison located in Doral, Florida, in the Southern District of Florida.

2. The B-Dormitory, also known as "Bravo" Dormitory, of SFRC was composed of three quads -- Quads One, Two and Three -- and housed youthful offender inmates. Quad Three was composed of numerous cells and a common area known as the "day room."

3. On or about February 25, 2009, **ALEXANDER McQUEEN** was a Sergeant assigned to B-Dormitory at SFRC.

4. On or about February 25, 2009, **GURUBA GRIFFIN** was a correctional officer assigned to B-Dormitory at SFRC.

5. On or about February 25, 2009, **SCOTT BUTLER** was a correctional officer assigned to J-Dormitory at SFRC.

6. On or about February 25, 2009, **STEVEN DAWKINS** was a correctional officer assigned to B-Dormitory at SFRC.

7. S.R. was a correctional officer at SFRC.

8. M.W. was an inmate serving a sentence and was housed in Quad Three of B-Dormitory.

9. R.L. was an inmate serving a sentence and was housed in Quad Three of B-Dormitory.

10. J.B. was an inmate serving a sentence and was housed in Quad Three of B-Dormitory.

11. B.P. was an inmate serving a sentence and was housed in Quad Three of B-Dormitory.

12. C.J. was an inmate serving a sentence and was house in Quad Three of B-Dormitory.

13. L.M. was an inmate serving a sentence and was housed in Quad Three of B-Dormitory.

14. K.S. was an inmate serving a sentence and was housed in Quad Three of B-Dormitory

## COUNT ONE
(Conspiracy against rights: 18 U.S.C. § 241)

15. The allegations set forth in paragraphs One through Fourteen of this Indictment are re-alleged and incorporated by reference into this Count as though fully set forth herein.

16. On or about February 25, 2009, in Miami-Dade County, in the Southern District of Florida, the defendants,

**ALEXANDER McQUEEN,**
**GURUBA GRIFFIN,**
**SCOTT BUTLER, and**
**STEVEN DAWKINS,**

along with persons known and unknown to the Grand Jury, while acting under color of law, did willfully combine, conspire, confederate, and agree to injure, oppress, threaten, and intimidate inmates at SFRC in the free exercise and enjoyment of the rights and privileges secured to them by the Constitution and laws of the United States, namely, the right to be free from cruel and unusual punishment.

### Manner and Means of the Conspiracy

17. It was part of this conspiracy for the co-conspirators to use force and the threat of force to physically assault and intimidate youthful offender inmates housed in Quad Three of B-Dormitory at SFRC.

### Overt Acts

18. In furtherance of the conspiracy, and to achieve the objects thereof, at least one of the co-conspirators committed and caused to be committed in the Southern District of Florida, at least one of the following overt acts, among others, on or about February 25, 2009:

a. **GURUBA GRIFFIN** ordered all inmates from Quad Three of B-Dormitory to line up in the day room of Quad Three.

b. **ALEXANDER McQUEEN**, while using a dangerous weapon, namely a broom and mop stick, struck and otherwise physically assaulted M.W., causing bodily injury to M.W.

    c.    **GURUBA GRIFFIN, SCOTT BUTLER, and STEVEN DAWKINS** watched defendant **McQUEEN** assault M.W., but did not intervene.

    d.    **GURUBA GRIFFIN**, while using a dangerous weapon, namely a broom and mop stick, struck and otherwise physically assaulted R.L.

    e.    **ALEXANDER McQUEEN** slapped and otherwise physically assaulted R.L.

    f.    **SCOTT BUTLER AND STEVEN DAWKINS** watched defendants **GRIFFIN** and **McQUEEN** assault R.L., but did not intervene.

    g.    **ALEXANDER McQUEEN, GURUBA GRIFFIN, SCOTT BUTLER,** and **STEVEN DAWKINS** forced J.B. and B.P. to engage in a fistfight, causing bodily injury to J.B. and B.P.

    h.    **GURUBA GRIFFIN** struck and otherwise physically assaulted J.B., causing bodily injury to J.B.

    i.    **ALEXANDER McQUEEN, SCOTT BUTLER,** and **STEVEN DAWKINS** watched **GURUBA GRIFFIN** assault J.B., but did not intervene.

    j.    **SCOTT BUTLER** struck and otherwise physically assaulted B.P., causing bodily injury to B.P.

    k.    **ALEXANDER McQUEEN, GURUBA GRIFFIN,** and **STEVEN DAWKINS** watched **SCOTT BUTLER** assault B.P., but did not intervene.

    l.    **ALEXANDER McQUEEN**, while using a dangerous weapon, namely a broom or mop stick, struck and otherwise physically assaulted C.J., causing bodily injury to C.J.

    m.    Defendants **GURUBA GRIFFIN, SCOTT BUTLER,** and **STEVEN DAWKINS** watched **ALEXANDER McQUEEN** assault C.J., but did not intervene.

n. **ALEXANDER McQUEEN**, while using a dangerous weapon, namely a broom or mop stick, struck and otherwise physically assaulted L.M., causing bodily injury to L.M.

o. **GURUBA GRIFFIN, SCOTT BUTLER,** and **STEVEN DAWKINS** watched **ALEXANDER McQUEEN** assault L.M., but did not intervene.

p. **ALEXANDER McQUEEN, GURUBA GRIFFIN,** and **SCOTT BUTLER**, while using dangerous weapons, namely broom or mop sticks, struck and otherwise physically assaulted K.S., causing bodily injury to K.S.

q. **STEVEN DAWKINS** watched **ALEXANDER McQUEEN, GURUBA GRIFFIN,** and **SCOTT BUTLER** assault K.S., but did not intervene.

r. S.R. walked by the day room, observed the injury to M.W., and stated that M.W. needed medical attention. **ALEXANDER McQUEEN, GURUBA GRIFFIN,** and **SCOTT BUTLER** told S.R. repeatedly, "You need to go."

All in violation of Title 18, United States Code, Section 241.

## COUNT TWO
(Filing a false report: 18 U.S.C. § 1519)

19. The allegations set forth in paragraphs One through Fourteen of this Indictment are re-alleged and incorporated by reference into this Count as though fully set forth herein.

On or about February 25, 2009, in Miami-Dade County, in the Southern District of Florida, the defendant,

**ALEXANDER McQUEEN,**

did knowingly falsify and make a false entry in a record with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the

United States, and in relation to and contemplation of such a matter, that is, in an Incident Report dated February 25, 2009, **McQUEEN** made the following entry, knowing it to be false: "On February 25, 2009, at approximately 11:00 p.m. while assigned as B-Dormitory housing supervisor, I was conducting a security check when I observed [M.W.] picking himself up off of the shower floor in Quad 3, with a 'gash' on the right side of his head that was bleeding. I asked [M.W.] what happened and he stated, 'I just fell while I was cleaning.'"

In violation of Title 18, United States Code, Section 1519.

## COUNT THREE
(Filing a false report: 18 U.S. C. § 1519)

20.  The allegations set forth in paragraphs One through Fourteen of this Indictment are re-alleged and incorporated by reference into this Count as though fully set forth herein.

On or about February 25, 2009, in Miami-Dade County, in the Southern District of Florida, the defendant,

**STEVEN DAWKINS,**

did knowingly conceal, falsify and make false entries in a record, specifically a Florida Department of Corrections Housing Unit Log, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the United States, or in relation to and in contemplation of such a matter. Specifically, **DAWKINS** failed to make any entry regarding officers' use of force, officers violating Florida Department of Corrections policies and procedures, inmate fighting and inmates sustaining injuries, and affirmatively made false entries between 10:00 p.m. and 11:30 p.m.

In violation of Title 18, United States Code, Section 1519.

## COUNT FOUR
(Tampering with a witness: 18 U.S. C. § 1512(b)(3))

21. The allegations set forth in paragraphs One through Fourteen of this Indictment are re-alleged and incorporated by reference into this Count as though fully set forth herein.

On or about February 27, 2009, in Miami-Dade County, in the Southern District of Florida, the defendant,

**ALEXANDER McQUEEN,**

did knowingly intimidate, threaten, and corruptly persuade S.R., and attempt to do so, with intent to hinder, delay, and prevent the communication to a federal law enforcement officer of information relating to the commission and possible commission of a federal offense.

In violation of Title 18, United States Code, Section 1512(b)(3).

A TRUE BILL

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

THOMAS E. PEREZ
ASSISTANT ATTORNEY GENERAL
UNITED STATES DEPARTMENT OF JUSTICE
CIVIL RIGHTS DIVISION

_____
SUSAN R. OSBORNE
ASSISTANT UNITED STATES ATTORNEY

By: _____
HENRY LEVENTIS
TRIAL ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| vs. | |
| ALEXANDER McQUEEN, et al., | **CERTIFICATE OF TRIAL ATTORNEY*** |
|       **Defendants.** _____/ | **Superseding Case Information:** |

**Court Division**: (Select One)

_X_ Miami    ___ Key West
___ FTL    ___ WPB    ___ FTP

New Defendant(s)    Yes ___    No ___
Number of New Defendants ___
Total number of counts ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) _No_
   List language and/or dialect

4. This case will take _10_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I    0 to 5 days    ___
   II    6 to 10 days    _X_
   III    11 to 20 days    ___
   IV    21 to 60 days    ___
   V    61 days and over    ___

   (Check only one)
   Petty    ___
   Minor    ___
   Misdem.    ___
   Felony    _X_

6. Has this case been previously filed in this District Court? (Yes or No) _NO_
   If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) _NO_
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No) _No_

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ___ Yes _X_ No

_____
*Susan R. Osborne*
SUSAN R. OSBORNE
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500797

*Penalty Sheet(s) attached        REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: __ALEXANDER McQUEEN__

Case No:

Count #: 1

Conspiracy against rights

Title 18, United States Code, Section 241

* Max.Penalty:  10 Years' Imprisonment

Count #: 2

Filing a false report

Title 18, United States Code, Section 1519

* Max.Penalty:  20 Years' Imprisonment

Count #: 4

Tampering with a witness

Title 18, United States Code, Section 1512

* Max.Penalty:  20 Years' Imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments; parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** GURUBA GRIFFIN

**Case No:**

Count #: 1

Conspiracy against rights

Title 18, United States Code, Section 241

**\* Max.Penalty**: 10 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**   SCOTT BUTLER

**Case No:**

Count #: 1

Conspiracy against rights

Title 18, United States Code, Section 241

\* **Max.Penalty:**         10 Years' Imprisonment

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: **STEVEN DAWKINS**

**Case No:**

Count #: 1

Conspiracy against rights

Title 18, United States Code, Section 241

\* **Max.Penalty:**     10 Years' Imprisonment

Count #: 3

Filing a false report

Title 18, United States Code, Section 1519

\* **Max.Penalty:**     20 Years' Imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.